TOLEDO FAIR HOUSING CENTER et al.

v.

NATIONWIDE MUTUAL INSURANCE COMPANY et al.

Court of Common Pleas of Ohio,
Lucas County.

No. 93–1685.

Decided Oct. 3, 1996.

128

*Cooper, Walinski & Cramer, Stephen Dane, Janet Hales* and *Margaret Lockhart; Washington Lawyers Committee for Civil Rights Under Law* and *John P. Relman; Richard J. Ritter; William Howard Lynch; Hall, Patterson & Charne, S.C.,* and *Gretchen Elizabeth Miller,* for plaintiffs.

*Fox & Grove, Jeffrey Goldman, Allison Blakely, Joel Rice* and *Diane Cifuentes Gerew; Fuller & Henry* and *Martin J. Witherell,* for defendants.

---

FREDERICK H. McDONALD, Judge.

Pursuant to the court's judgment entry of January 17, 1996, this case is now before the court on plaintiffs' proposed plan for identification of and notice to class members. Upon consideration of the written and oral arguments of counsel and the applicable law, I find that the plaintiffs' proposed plan should be modified and notice should be given to class members as outlined below.

I

The facts surrounding this class action lawsuit were fully set out in the January 17, 1996 opinion and judgment entry. 94 Ohio Misc.2d 17, 703 N.E.2d 340. In that opinion and judgment entry, the class was conditionally certified under Civ.R. 23(B)(2) and (B)(3), and the plaintiffs were ordered to file a proposed notice for identifying class members and for notifying them of the pendency of this action. Originally, the plaintiffs proposed identifying and sending individual mail notice to (1) all current owners of properties in the subject census tracts and (2) all previous owners of properties in the subject census tracts (provided that the previous owner owned the property during the relevant time period). The plaintiffs expected to receive the names and addresses from the Lucas County Auditor's Office. After learning that they could receive only the names (and not the addresses) for only one immediate past owner, the plaintiffs changed their proposed plan to give mail notice to only the current owners of property in the subject census tracts[1]; all other class members would receive publication notice.[2] Defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively "Nationwide") object to this proposed plan on

---

1. For the time period 1988 to the present, the auditor's office computer can provide the name and address of the current owner of each property in the subject census tracts and the name of the most immediate past owner of each property. Prior to 1988, the information is available only on ledger cards and not by computer. See Affidavit of Tara K. Townsend.

2. The plaintiffs propose to provide notice to previous owners by publishing in *The Toledo Journal* and in the Sunday edition of *The Toledo Blade* once monthly until complete disposition of all pretrial matters.

the grounds that the plan violates due process and the requirements of Civ.R. 23(C)(2).

## II

Civ.R. 23(C)(2) provides:

"In any class action maintained under subdivision (B)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

## III

The first issue is whether the plaintiffs' proposed plan for identifying and notifying class members is adequate. According to the United States Supreme Court:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873.

If the notice given to absent class members is reasonable under the circumstances, those class members will be bound by a judgment even if they do not receive individual notice. *Carlough v. Amchem Products, Inc.* (E.D.Pa.1993), 158 F.R.D. 314, 325. However, individual notice is required for those class members whose names and addresses can be determined by reasonable effort. *Eisen v. Carlisle & Jacquelin* (1974), 417 U.S. 156, 175, 94 S.Ct. 2140, 2151, 40 L.Ed.2d 732, 747. For those class members whose names and addresses cannot be identified with reasonable effort, notice by publication is sufficient. *Mullane*, 339 U.S. at 317, 70 S.Ct. at 658–659, 94 L.Ed. at 875. In determining whether the effort to provide individual notice is "reasonable," the court should consider the anticipated results and the costs involved. *In re Nissan Motor Corp. Antitrust Litigation* (1977), 552 F.2d 1088, 1099.[3] According to the court in *Carlough*, "Rule 23 does not require the parties to exhaust every *conceivable* method of

---

**3.** When faced with the argument that the cost of sending individual notice to 2.25 million class members would be prohibitive, the court in *Eisen* stated, "There is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs." *Eisen*, 417 U.S. at 176, 94 S.Ct. at 2152, 40 L.Ed.2d at 748. Recognizing this comment, the court in *Nissan* stated:

"Obviously, the word 'reasonable' cannot be ignored. In every case, reasonableness is a function of anticipated results, costs, and amount involved. A burdensome search through records that may prove not to contain any of the information sought clearly should not be

identifying the individual class members." (Emphasis in original.) *Carlough*, 158 F.R.D. at 325.

The parties disagree about the amount of effort that is "reasonable." The plaintiffs contend that the law requires them to send mail notice only to those whose name and address are known or can be ascertained with reasonable effort; it does not require them to do two separate searches for names and addresses. Nationwide, on the other hand, contends that the plaintiffs' proposal to send individual notice only to current owners violates Civ.R. 23 and due process requirements. According to Nationwide, notice by publication is a poor substitute for individual notice, and it is to be used only where individual notice is impracticable. Nationwide contends that the plaintiffs have not made a serious effort to locate class members for the purposes of sending individual notice.

■ While it is true that plaintiffs in a class action lawsuit need not undertake to locate *every* class member, see *Carlough*, 158 F.R.D. at 325, it is apparent from the case law that some effort is required to develop a mailing list of class members to receive individual notice. For example, in *Eisen*, a securities case, the court held that it was reasonable to require individual notice to 2.2 million class members whose names and addresses could be ascertained by comparing odd-lot securities firms' records of teletype transactions to general services brokerage firms' records of all customers' names and addresses. *Eisen*, 417 U.S. at 166, fn. 5, 175, 94 S.Ct. at 2147, fn. 5, 2151, 40 L.Ed.2d at 742, fn. 5, 747. Although the names and addresses were apparently retrievable together, the plaintiffs needed to "dovetail" two lists in order to create a mailing list. Similarly, in *Weinberger v. Kendrick* (C.A.2, 1983), 698 F.2d 61, certiorari denied (1983), 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89, rehearing granted in part and denied in part (1983), Fed.Sec.L.Rptr. (CCH) § 99,074, also a securities case, the names and addresses of the class members who received individual notice were culled from several lists. *Id.* at 71. Finally, the notice plan that the court approved in *Carlough* consisted of sending individual notice to more than 9,000 class members, sending letters to more than 50 unions and 1,000 attorneys seeking names and addresses of class members, and using paid and unpaid advertising to seek names and addresses of class members. *Carlough*, 158 F.R.D. at 320–322, 325.[4]

required. On the other hand, a search, even though calculated to reveal partial information or identification, may be omitted only if its cost will exceed the anticipated benefits." *Nissan*, 552 F.2d at 1099.

Thus, it appears that while cost alone will not dictate who receives individual notice, it is one factor that may be considered when determining whether an effort to locate absent class members is "reasonable" within the meaning of Civ.R. 23(C)(2).

4. When compared to other industrial injury cases where little or no effort was made to contact future claimants who had not yet manifested an injury, the court in *Carlough* described the plaintiffs' notice plan as "more than adequate." *Carlough*, 158 F.R.D. at 326.

 Based on the case law, I find that Civ.R. 23 requires that the plaintiffs make some effort to create a mailing list of class members to whom individual notice will be sent. It is not enough that the plaintiffs send mail notice only to those whose names and addresses are currently known to them; they must make a reasonable effort to determine the addresses of other class members.

In order to determine whether the plaintiffs could effectively locate the addresses of the immediate past owners of properties in the subject census tracts, the plaintiffs conducted a "test" of one census tract (census tract 8). The plaintiffs used the Ameritech phone book for the Toledo metropolitan area, the Polk city directory, PaceNet (a CD-Rom tool), West's PeopleFinder (an online service), SelectPhone (a CD-Rom tool), and the records of the Ohio Bureau of Motor Vehicles ("BMV") and the Lucas County Board of Elections ("board").

PaceNet proved to be an unreliable tool because its data derives from the Lucas County Auditor's files and is organized by title ownership and not by residence. Thus, an address provided by PaceNet may be an address for property currently owned by a prior owner, but the prior owner may or may not currently live there. Therefore, if notice was sent to an address retrieved by PaceNet, the notice may actually be received by a prior owner's tenant instead of the prior owner. West's PeopleFinder and SelectPhone also proved to be unreliable because both search nationally; a common name might retrieve several addresses, making it impossible to determine which of the many addresses is the current address for any given prior owner.[5] Problems arose with the BMV and board records as well. Since the BMV records require both a name and a Social Security number to retrieve a mailing address, the plaintiffs deemed the BMV records to be unhelpful. With regard to the board records, a supervisor at the board explained that, though their records contain address changes, people do not always change their addresses with the board when they move. Nevertheless, the plaintiffs experimented with the board's computer with very limited success.

 The Ameritech phone book and the city directory produced relatively good results, both in terms of quality and quantity. The plaintiffs report that the success rate of each of these tools was approximately twenty-five percent.[6]

---

**5.** The task of finding addresses for prior owners is made more difficult by the fact that the auditor's office cannot provide Social Security numbers.

**6.** The success rates may actually be higher. Though the numbers vary in the record, it appears that in census tract 8 there are approximately 180 prior owners for whom the plaintiffs have names but no addresses: 310 (the original total on the prior owner list) less those who are still current owners (the title changed due to death or divorce), less those who are current owners of other property in census tract 8, less those whose names appear more than once on the prior owner list because they sold more than one property in census tract 8. See Plaintiffs' Brief Regarding Class Notice Requirements, pg. 11, fn. 5; Affidavit of Tonya

Though these methods are relatively time-consuming,[7] when compared to the cost and the relative success of these tools, they appear to be the best methods for locating addresses of prior owners since 1989. Therefore, I find that, from 1988 to the present, the plaintiffs must use both the Ameritech phone book for the Toledo metropolitan area and the Polk city directory to search for the addresses of the immediate prior owners of the properties in all of the subject census tracts.

■ With regard to notifying the class members who owned the subject properties prior to 1988, I find that notice by publication is sufficient. Though it may be possible to conduct a manual search of these records, the task would be time-consuming and the results would likely be minimal. Since the Lucas County Auditor's Office does not retain addresses of prior owners, a manual search would reveal only names, and the plaintiffs would still need to search for addresses. And, as averred by Jeffrey Dahl, the plaintiffs' expert on class notification, the age of any given list affects the results obtained from it. In other words, as the list of names gets older, the likelihood of finding accurate addresses decreases. For this reason, I find that, comparing the time, cost, and anticipated results, the effort to locate the addresses of prior owners before 1988 is unreasonable. For these class members, notice by publication as proposed by the plaintiffs is sufficient.

## JOURNAL ENTRY

It is ordered that the plaintiffs send individual mail notice, in the form set out by Appendix A, by ordinary mail to the following class members:

(1) current owners of property in the subject census tracts;

(2) since 1988, the immediate prior owners of property in the subject census tracts whose name can be ascertained from the Lucas County Auditor's Office and whose address can be ascertained by using either the Ameritech phone book for the Toledo metropolitan area or the Polk city directory for the city of Toledo.

---

Huepenbecker (attached to Plaintiffs' Brief Regarding Class Notice Requirements); Plaintiffs' May 2, 1996 letter regarding status of class member identification process. By using the Ameritech phone book the plaintiffs found 85 addresses, and they found 70 by using the city directory. Comparing these numbers to the total number of unaddressed prior owners (approximately 180), the percentages are forty-seven percent for the phone book (85/180) and thirty-nine percent for the city directory (70/180). The plaintiffs reached their figures by comparing the number of addresses discovered from these sources to the original number of unaddressed prior owners (310).

7. According to Exhibit 1 to Huepenbecker's affidavit, she spent 16.8 hours retrieving 85 "good" addresses when using the phone book (approximately 12 minutes for each address) and 4 hours retrieving 70 "good" addresses when using the city directory (approximately 3 minutes for each address).

It is further ordered that notice by publication, in the form set out by Appendix B, be given to all other class members as follows:

(1) by publishing notice once monthly in *The Toledo Journal* starting with the initial publication on October 15, 1996 and ending with a publication on March 15, 1997;

(2) by publishing notice once monthly in the Sunday edition of *The Toledo Blade* starting with an initial publication on October 15, 1996 and ending with a publication on March 15, 1997.

It is further ordered that the cost of identifying and notifying class members shall be borne by the plaintiffs pending a final determination of the case on the merits.

*Judgment accordingly.*

# APPENDIX A

IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| TOLEDO FAIR HOUSING CENTER, MARIE BOYD, | ) | CASE NO. 93-1685 |
| PAULETTE HARDNETT, on behalf of themselves, and | ) | |
| | ) | JUDGE McDONALD |
| HELEN PHILLIPS, MARIAN PEARCE, CHARLES | ) | |
| TAYLOR, ROSE NEWTON, NELLIE EDWARDS, | ) | |
| SANDRA SUTTON, JAMES SUTTON, WILMA | ) | |
| HARRIS, ROBERT RIVERS, JANICE RIVERS, on | ) | |
| behalf of themselves and a class of all other similarly | ) | |
| situated persons, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) | |
| NATIONWIDE MUTUAL FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | | |

## NOTICE OF CLASS ACTION

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ CAREFULLY.

TO: ALL PERSONS WHO HAVE OWNED HOMES IN CENSUS TRACTS 8, 14, 15, 16, 19, 21, 22, 23, 24.02, 25, 26, 28, 31, 32, 33, 34, 35, 36, 37 AND 66, WITHIN THE CITY LIMITS OF TOLEDO, OHIO AT ANY TIME FROM JULY 1, 1979 TO THE PRESENT.

Your rights may be affected by a lawsuit pending in this Court, Civil Action No. 93-1685. The Toledo Fair Housing Center and the individual plaintiffs in this case charge that since at least 1979, defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company ("Nationwide") have unlawfully discriminated and continue to discriminate against African-American neighborhoods in their homeowners insurance business in violation of Ohio's Fair Housing Act, Ohio Revised Code §4112.02(H).

Plaintiffs contend that Nationwide has engaged in the practice of discriminatory "redlining" of African-American neighborhoods in Toledo. This Notice is not intended to imply that Nationwide has violated any law or that the plaintiffs are entitled to any recovery. Plaintiffs allege that defendants' practices include using sales techniques and practices that discourage homeowners in African-American neighborhoods from purchasing insurance; making insurance unavailable under the same terms and conditions as those available to homeowners in white neighborhoods; making insurance unavailable by refusing to issue policies because of the racial composition of the neighborhood within which the insured property is located; refusing to insure properties for less than a certain minimum amount in African-American neighborhoods; canceling or refusing to renew its policies already placed in African-American neighborhoods because of racial composition or on grounds not applied in white neighborhoods.

Nationwide denies all of these allegations. The Court has not ruled on the merits of plaintiffs' claims or on the denials and other defenses made by the defendants. However, some matters have arisen during the preparation of this case for trial that affect homeowners in African-American neighborhoods who were not previously parties to this lawsuit. The purpose of this notice is to advise you (who have been identified as possibly such a homeowner) of the action taken by this Court and its potential effect on your rights.

#### CLASS-ACTION RULING

The Court has conditionally ruled that this lawsuit may be maintained on behalf of a class consisting of the following persons:

All persons who, at any time between July 1, 1979 and the date of trial, have owned a home located in an African-American neighborhood in the City of Toledo. An "African-American neighborhood" is defined for purposes of this case as any census tract with an African-American population greater than fifty percent (50%), according to 1990 U.S. Census Data.

According to the 1990 Census, the following Toledo, Ohio census tracts have African-American populations greater than fifty percent (50%): Tract 8, Tract 14, Tract 15, Tract 16, Tract 19, Tract 21, Tract 22, Tract 23, Tract 24.02, Tract 25, Tract 26, Tract 28, Tract 31, Tract 32, Tract 33, Tract 34, Tract 35, Tract 36, Tract 37 and Tract 66.

The Court's ruling certifying a class-action does not guarantee that any money or injunctive relief will be obtained for class members at this time because these are contested issues that have not been decided. Rather, the ruling means that the final outcome of this suit - - whether favorable to the plaintiffs or to the defendants - - will apply in like manner to every class member. Class members are all homeowners described above who do not timely elect to be excluded from the class (see below).

JOURNALIZED

OCT 4 - 1996

Cassette 213

PG. 457

The Court has ordered that the following persons are representatives of the class: Helen Phillips, Marian Pearce, Charles Taylor, Rose Newton, Nellie Edwards, Sandra Sutton, James Sutton, Wilma Harris, Robert Rivers and Janice Rivers. The Court has designated as class counsel the law firm of Cooper, Walinski & Cramer, L.P.A. The remaining named plaintiffs — the Toledo Fair Housing Center, Paulette Hardnett, and Marie Boyd — are not representatives of the class.

If you remain a member of this class:

1. Cooper, Walinski & Cramer, L.P.A., will act as your representative and counsel for the presentation of the charges against the defendants. If you desire, you may also appear by your own attorney. You may also seek to intervene individually and may advise the Court if at any time you consider that you are not being fairly and adequately represented by Cooper, Walinski & Cramer, L.P.A.

2. Your participation in any recovery obtained from the defendants through trial or settlement will depend on the results of this lawsuit. If no recovery is obtained for the class, you will be bound by that result also.

3. You will be required, as a condition to participating in any recovery, to present evidence respecting your ownership of a home in an African-American census tract at any time since 1979. You may be required to submit additional evidence, such as the condition of your home, your insurance, and your attempts to obtain such insurance. (You should, therefore, preserve any documentation to this effect).

4. You will be entitled to notice of any ruling affecting the size of the class or creating subclasses, and also to notice of, and an opportunity to be heard respecting, any proposed settlement or dismissal of the class claims. (For this reason, as well as to participate in any recovery, you are requested to notify Class Counsel of any corrections or changes in your name or address).

ELECTION BY CLASS MEMBERS

If you fit the above description of a class member you have a choice of whether or not to remain a member of the class on whose behalf this suit is being maintained. Your choice will have its consequences, which you should understand before making your decision.

1. If you do not want to be a member of the class, you must complete the enclosed form ("Exclusion Request") and return it to the Clerk of Court, Lucas County Court of Common Pleas, 700 Adams Street, Toledo, Ohio 43624, by mail post-marked no later than [45 days after mailing]. By making this election to be excluded,

(a) You will not share in any recovery that might be paid to class members as a result of trial or settlement of this lawsuit;

(b) You will not be bound by any decision in this lawsuit favorable to the defendants; and

(c) You may present any claims you have against the defendants by filing your own lawsuit, or you may seek to intervene in this lawsuit.

2. If you want to remain a member of the class, you should not file the "Exclusion Request". You are not required to do anything at this time. By remaining a class member, you

effectively agree that your claims against the defendants for damages and injunctive relief under the Ohio Fair Housing Act arising from the defendants' conduct as alleged by the class representatives will be determined in this case and cannot be presented in any other lawsuit.

FURTHER PROCEEDINGS AND TRIAL

As noted, defendants deny the essential allegations of the charges against them. Because of the substantial discovery and other pre-trial proceedings that remain to be done, trial of this case is not likely to occur before June, 1997. If you have evidence you believe would be helpful in establishing the class claims, you should promptly communicate with Class Counsel. Attached to this Notice is another form entitled "Voluntary Request for Information." You are not required to complete and return this form. Your completion and return of this form will not affect your status as a member of the class or your share of any recovery, if any, as a result of trial or settlement of this lawsuit. Counsel for the parties believe, however, that your completion and return of this form may be helpful in the settlement of the case or the definition of appropriate subclasses. You are therefore requested to complete this form and return it to Class Counsel.

ADDITIONAL INFORMATION

Any questions you have concerning the matters contained in this notice (and any corrections or changes of name or address) should not be directed to the Court or to the Clerk of Court's office, but should be directed in writing to Class Counsel:

Stephen M. Dane, Esq., COOPER, WALINSKI & CRAMER
900 Adams St., P.O. Box 1568
Toledo, Ohio 43603-1568
Telephone: (419) 241-1200 Facsimile: (419) 242-9606

ATTN: Tonya Huepenbecker, Paralegal

If you decide to remain a member of the class and wish to communicate with Class Counsel as your attorney in this litigation, you may do so by writing or calling Class Counsel. You may, of course, seek the advice and guidance of your own attorney if you desire. The pleadings and other records in this litigation may be examined and copied at any time during regular office hours of the office of the Clerk of Courts, Lucas County Court of Common Pleas, 700 Adams Street, Toledo, Ohio 43624.

REMINDER AS TO TIME LIMIT

If you do not want to be a member of the class on whose behalf this action is being maintained, return the completed "Exclusion Request" to the Clerk of Court at the following address by mail postmarked on or before [45 days after mailing].

Harry Barlos, Clerk of Court
Court of Common Pleas of Lucas County
700 Adams Street
Lucas County Courthouse
Toledo, Ohio 43624-1678

If you want to enter an appearance in this case through your own personal attorney, your attorney must do so on or before [same date]

JOURNALIZED

Date:_____

OCT 4 - 1996

Judge Frederick H. McDonald
Lucas County Court of Common Pleas
700 Adams Street 43624
Enclosures: (1) Exclusion Request - (2) Voluntary Request for Information

Cassette 213
PG 450

2

## REQUEST FOR EXCLUSION

**Read The Enclosed Legal Notice
Carefully Before Filing This Form**

The undersigned does NOT wish to remain a member of the plaintiff class certified in the case of *Toledo Fair Housing Center, et al. v. Nationwide Mutual Insurance Co., et al.*; Civil Case No. 93-1685, in the Court of Common Pleas of Lucas County, Ohio.

Date: _____

_____
(Signature)

_____
(Print full name of person signing)

_____
(Print address of person signing)

If you want to exclude yourself from the class, you must fill in and return this form by mailing on or before [_____], to:

Harry Barlos, Clerk of Court
Court of Common Pleas of Lucas County
700 Adams Street
Lucas County Courthouse
Toledo, Ohio 43624-1678

A separate request for exclusion should be completed and timely mailed for each person electing to be excluded from the class. This form may be duplicated.

JOURNALIZED

OCT 4 - 1996
Cassette 213
PG. 457

138

# VOLUNTARY REQUEST FOR INFORMATION

1. _____ 2. _____
 Your Name Address

3. If you own a home in the City of Toledo, or have owned a home in the City of Toledo at any time from July 1, 1979 to the present, please complete items 4 through 7 below, if applicable, for each such home.

4. _____
 Address of Home

5. _____ 6. _____
 Date Purchased Date Sold

7. _____
Name of Homeowners or Fire Insurance Policy (if applicable)

 (Attach a separate sheet if you need more space to complete items 4-7)

8. If you have ever been insured by Nationwide, please complete items 9-12 below:

9. _____ 10. _____
 Type of Insurance Date Purchased

11. _____
Name of Insurance Agent

12. _____
 Date Cancelled or Not Renewed (if applicable)

13. If you have ever called Nationwide or a Nationwide agent for insurance, please complete Items 14- 16 below.

14. _____ 15. _____
 Date of Contact Name of Nationwide Insurance Agent
 or Employee Contacted

16. _____
 Results of contact (e.g., offered insurance; told to buy insurance elsewhere;
 you decided not to pursue; etc.)

 _____

 Date Signature

Mail completed Request for Information form to Class Counsel:

 Stephen M. Dane, Esq.
 COOPER, WALINSKI & CRAMER
 P.O. Box 1568
 900 Adams
 Toledo, Ohio 43603-1568

Please Return This Form By _____

JOURNALIZED

OCT 4 - 1996

Cassette 213
PG. 457

# TOLEDO FAIR HOUSING CENTER, et al.

### v.

# NATIONWIDE MUTUAL INS. CO., et al.

## NOTICE OF CLASS ACTION

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ CAREFULLY.**

Harry Barlos, Clerk of Court
Court of Common Pleas of Lucas County
700 Adams Street
Lucas County Courthouse
Toledo, Ohio 43624-1678

BULK MAIL
Permit No.____

JOURNALIZED

OCT 4 - 1996
Cassette 213
PG. 497

# APPENDIX B

IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | |
|---|---|
| TOLEDO FAIR HOUSING CENTER, MARIE BOYD, PAULETTE HARDNETT, on behalf of themselves, and<br><br>HELEN PHILLIPS, MARIAN PEARCE, CHARLES TAYLOR, ROSE NEWTON, NELLIE EDWARDS, SANDRA SUTTON, JAMES SUTTON, WILMA HARRIS, ROBERT RIVERS, JANICE RIVERS, on behalf of themselves and a class of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendants. | ) CASE NO. 93-1685<br>)<br>) JUDGE McDONALD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF CLASS ACTION

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ CAREFULLY.

**TO: ALL PERSONS WHO HAVE OWNED HOMES IN CENSUS TRACTS 8, 14, 15, 16, 19, 21, 22, 23, 24.02, 25, 26, 28, 31, 32, 33, 34, 35, 36, 37 AND 66, WITHIN THE CITY LIMITS OF TOLEDO, OHIO AT ANY TIME FROM JULY 1, 1979 TO THE PRESENT.**

Your rights may be affected by a lawsuit pending in this Court, Civil Action No. 93-1685. The Toledo Fair Housing Center and the individual plaintiffs in this case charge that since at least 1979, defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company ("Nationwide") have unlawfully discriminated and continue to discriminate against African-American neighborhoods in their homeowners insurance business in violation of Ohio's Fair Housing Act, Ohio Revised Code §4112.02(H).

Plaintiffs contend that Nationwide has engaged in the practice of discriminatory "redlining" of African-American neighborhoods in Toledo. This Notice is not intended to imply that Nationwide has violated any law or that the plaintiffs are entitled to any recovery. Plaintiffs allege that defendants' practices include using sales techniques and practices that discourage homeowners in African-American neighborhoods from purchasing insurance; making insurance unavailable under the same terms and conditions as those available to homeowners in white neighborhoods; making insurance unavailable by refusing to issue policies because of the racial composition of the neighborhood within which the insured property is located; refusing to insure properties for less than a certain minimum amount in African-American neighborhoods; canceling or refusing to renew its policies already placed in African-American neighborhoods because of racial composition or on grounds not applied in white neighborhoods.

Nationwide denies all of these allegations. The Court has not ruled on the merits of plaintiffs' claims or on the denials and other defenses made by the defendants. However, some matters have arisen during the preparation of this case for trial that affect homeowners in African-American neighborhoods who were not previously parties to this lawsuit. The purpose of this notice is to advise you (who have been identified as possibly such a homeowner) of the action taken by this Court and its potential effect on your rights.

### CLASS-ACTION RULING

The Court has conditionally ruled that this lawsuit may be maintained on behalf of a class consisting of the following persons:

All persons who, at any time between July 1, 1979 and the date of trial, have owned a home located in an African-American neighborhood in the City of Toledo. An "African-American neighborhood" is defined for purposes of this case as any census tract with an African-American population greater than fifty percent (50%), according to 1990 U.S. Census Data.

According to the 1990 Census, the following Toledo, Ohio census tracts have African-American populations greater than fifty percent (50%): Tract 8, Tract 14, Tract 15, Tract 16, Tract 19, Tract 21, Tract 22, Tract 23, Tract 24.02, Tract 25, Tract 26, Tract 28, Tract 31, Tract 32, Tract 33, Tract 34, Tract 35, Tract 36, Tract 37 and Tract 66.

The Court's ruling certifying a class-action does not guarantee that any money or injunctive relief will be obtained for class members at this time because these are contested issues that have not been decided. Rather, the ruling means that the final outcome of this suit - - whether favorable to the plaintiffs or to the defendants - - will apply in like manner to every class member. Class members are all homeowners described above who do not timely elect to be excluded from the class (see below).

JOURNALIZED

OCT 4 - 1996

Cassette 213
PG. 457

The Court has ordered that the following persons are representatives of the class: Helen Phillips, Marian Pearce, Charles Taylor, Rose Newton, Nellie Edwards, Sandra Sutton, James Sutton, Wilma Harris, Robert Rivers and Janice Rivers. The Court has designated as class counsel the law firm of Cooper, Walinski & Cramer, L.P.A. The remaining named plaintiffs – the Toledo Fair Housing Center, Paulette Hardnett, and Marie Boyd – are not representatives of the class.

If you remain a member of this class:

1. Cooper, Walinski & Cramer, L.P.A., will act as your representative and counsel for the presentation of the charges against the defendants. If you desire, you may also appear by your own attorney. You may also seek to intervene individually and may advise the Court if at any time you consider that you are not being fairly and adequately represented by Cooper, Walinski & Cramer, L.P.A.

2. Your participation in any recovery obtained from the defendants through trial or settlement will depend on the results of this lawsuit. If no recovery is obtained for the class, you will be bound by that result also.

3. You will be required, as a condition to participating in any recovery, to present evidence respecting your ownership of a home in an African-American census tract at any time since 1979. You may be required to submit additional evidence, such as the condition of your home, your insurance, and your attempts to obtain such insurance. (You should, therefore, preserve any documentation to this effect).

4. You will be entitled to notice of any ruling affecting the size of the class or creating subclasses, and also to notice of, and an opportunity to be heard respecting, any proposed settlement or dismissal of the class claims. (For this reason, as well as to participate in any recovery, you are requested to notify Class Counsel of any corrections or changes in your name or address).

ELECTION BY CLASS MEMBERS

If you fit the above description of a class member you have a choice of whether or not to remain a member of the class on whose behalf this suit is being maintained. Your choice will have its consequences, which you should understand before making your decision.

1. If you do not want to be a member of the class, you must complete the enclosed form ("Exclusion Request") and return it to the Clerk of Court, Lucas County Court of Common Pleas, 700 Adams Street, Toledo, Ohio 43624, by mail post-marked no later than April 15, 1997. By making this election to be excluded,

(a) You will not share in any recovery that might be paid to class members as a result of trial or settlement of this lawsuit;

(b) You will not be bound by any decision in this lawsuit favorable to the defendants; and

(c) You may present any claims you have against the defendants by filing your own lawsuit, or you may seek to intervene in this lawsuit.

2. If you want to remain a member of the class, you should not file the "Exclusion Request". You are not required to do anything at this time. By remaining a class member, you

effectively agree that your claims against the defendants for damages and injunctive relief under the Ohio Fair Housing Act arising from the defendants' conduct as alleged by the class representatives will be determined in this case and cannot be presented in any other lawsuit.

FURTHER PROCEEDINGS AND TRIAL

As noted, defendants deny the essential allegations of the charges against them. Because of the substantial discovery and other pre-trial proceedings that remain to be done, trial of this case is not likely to occur before June, 1997. If you have evidence you believe would be helpful in establishing the class claims, you should promptly communicate with Class Counsel. Attached to this Notice is another form entitled "Voluntary Request for Information." You are not required to complete and return this form. Your completion and return of this form will not affect your status as a member of the class or your share of any recovery, if any, as a result of trial or settlement of this lawsuit. Counsel for the parties believe, however, that your completion and return of this form may be helpful in the settlement of the case or the definition of appropriate subclasses. You are therefore requested to complete this form and return it to Class Counsel.

ADDITIONAL INFORMATION

Any questions you have concerning the matters contained in this notice (and any corrections or changes of name or address) should not be directed to the Court or to the Clerk of Court's office, but should be directed in writing to Class Counsel:

Stephen M. Dane, Esq., COOPER, WALINSKI & CRAMER
900 Adams St., P.O. Box 1568
Toledo, Ohio 43603-1568
Telephone: (419) 241-1200 Facsimile: (419) 242-9606

ATTN: Tonya Huepenbecker, Paralegal

If you decide to remain a member of the class and wish to communicate with Class Counsel as your attorney in this litigation, you may do so by writing or calling Class Counsel. You may, of course, seek the advice and guidance of your own attorney if you desire. The pleadings and other records in this litigation may be examined and copied at any time during regular office hours of the office of the Clerk of Courts, Lucas County Court of Common Pleas, 700 Adams Street, Toledo, Ohio 43624.

REMINDER AS TO TIME LIMIT

If you do not want to be a member of the class on whose behalf this action is being maintained, return the completed "Exclusion Request" to the Clerk of Court at the following address by mail postmarked on or before April 15, 1997.

Harry Barlos, Clerk of Court
Court of Common Pleas of Lucas County
700 Adams Street
Lucas County Courthouse
Toledo, Ohio 43624-1678

If you want to enter an appearance in this case through your own personal attorney, your attorney must do so on or before April 15, 1997.

JOURNALIZED

Date:_____

OCT 4 - 1996

Judge Frederick H. McDonald
Lucas County Court of Common Pleas
700 Adams Street 43624
Enclosures: (1) Exclusion Request - (2) Voluntary Request for Information

Cassette 213
PG 457

## REQUEST FOR EXCLUSION

### Read The Enclosed Legal Notice
### Carefully Before Filing This Form

The undersigned does NOT wish to remain a member of the plaintiff class certified in the case of *Toledo Fair Housing Center, et al. v. Nationwide Mutual Insurance Co., et al.*; Civil Case No. 93-1685, in the Court of Common Pleas of Lucas County, Ohio.

Date: _____

_____
(Signature)

_____
(Print full name of person signing)

_____
(Print address of person signing)

If you want to exclude yourself from the class, you must fill in and return this form by mailing on or before April 15, 1997, to:

Harry Barlos, Clerk of Court
Court of Common Pleas of Lucas County
700 Adams Street
Lucas County Courthouse
Toledo, Ohio 43624-1678

A separate request for exclusion should be completed and timely mailed for each person electing to be excluded from the class. This form may be duplicated.

JOURNALIZED

OCT 4 - 1996
Cassette 213
PG. 457

# VOLUNTARY REQUEST FOR INFORMATION

1. _____ 2. _____
 Your Name Address

3. If you own a home in the City of Toledo, or have owned a home in the City of Toledo at any time from July 1, 1979 to the present, please complete items 4 through 7 below, if applicable, for each such home.

4. _____
 Address of Home

5. _____ 6. _____
 Date Purchased Date Sold

7. _____
 Name of Homeowners or Fire Insurance Policy (if applicable)

 (Attach a separate sheet if you need more space to complete items 4-7)

8. If you have ever been insured by Nationwide, please complete items 9-12 below:

9. _____ 10. _____
 Type of Insurance Date Purchased

11. _____
 Name of Insurance Agent

12. _____
 Date Cancelled or Not Renewed (if applicable)

13. If you have ever called Nationwide or a Nationwide agent for insurance, please complete Items 14- 16 below.

14. _____ 15. _____
 Date of Contact Name of Nationwide Insurance Agent
 or Employee Contacted

16. _____
 Results of contact (e.g., offered insurance; told to buy insurance elsewhere;
 you decided not to pursue; etc.)

 _____ _____
 Date Signature

Mail completed Request for Information form to Class Counsel:

 Stephen M. Dane, Esq.
 COOPER, WALINSKI & CRAMER
 P.O. Box 1568
 900 Adams
 Toledo, Ohio 43603-1568

Please Return This Form By April 15, 1997.

JOURNALIZED

OCT 4 - 1996
Cassette 213
PG. H57

144

# TOLEDO FAIR HOUSING CENTER, et al.

v.

# NATIONWIDE MUTUAL INS. CO., et al.

## NOTICE OF CLASS ACTION

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ CAREFULLY.**

Harry Barlos, Clerk of Court
Court of Common Pleas of Lucas County
700 Adams Street
Lucas County Courthouse
Toledo, Ohio 43624-1678

BULK MAIL
Permit No.____

JOURNALIZED

OCT 4 - 1996
Cassette 213
PG. 457